WEISBERG LAW  
Matthew B. Weisberg, Attorney ID No. 01565-2000  
David Berlin, Attorney ID No. 028672012  
7 South Morton Ave.  
Morton, PA 19070  
610-690-0801  
Fax: 610-690-0880  

SCHAFKOPF LAW, LLC  
Gary Schafkopf, Attorney ID No. 01224-2000  
11 Bala Ave  
Bala Cynwyd PA 19004  
610-664-5200  
Fax: 888-283-1334  
*Attorneys for Plaintiff*  

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MACKENSEY MANCINI** : | |
| 101 W. Chestnut Ave., Apt. 5 : | |
| North Wildwood, NJ 08260 : | |
| Stratford, NJ 08084 : | CIVIL ACTION NO.: |
| Plaintiff, : | |
| v. : | |
| : | : |
| **PORT ROYAL, INC. d/b/a** : | |
| **PORT ROYAL HOTEL** : | |
| 6801 Ocean Avenue : | |
| Wildwood, NJ 08260 : | |
| : | |
| And : | JURY TRIAL OF TWELVE (12) JURORS |
| : | DEMANDED |
| **MOREY'S PIER INC. d/b/a** : | |
| **MOREY'S PIERS &** : | |
| **BEACHFRONT WATER PARKS** : | |
| 3501 Boardwalk : | |
| Wildwood, NJ 08260 : | |
| : | |
| And : | |
| : | |
| **JOHN WAY, OWNER** : | |
| **PORT ROYAL HOTEL** : | |
| 6801 Ocean Avenue : | |
| Wildwood, NJ 08260 : | |
| : | |
| And : | |
| : | |
| **DENISE BECKSON, VICE** : | |
| **PRESIDENT HUMAN RESOURCES** : | |
| **AND GOVERNMENT RELATIONS** : | |
| **MOREY'S PIERS &** : | |
| **BEACHFRONT WATER PARKS** : | |
| 3501 Boardwalk : | |
| Wildwood, NJ 08260 : | : |

Defendants.   :

_____ :_____

## CIVIL ACTION COMPLAINT

Plaintiff, Mackensey Mancini, by and through her undersigned attorneys, complaining of Defendants, Port Royal Hotel and Morey's Piers & Beachfront Water Parks, brings the instant action requesting judgment in her favor, and against Defendants, and in support thereof, alleges, upon information and belief, as follows:

## PARTIES

1. Plaintiff, Mackensey Mancini, is an adult individual, residing at 101 W. Chestnut Ave., Apt. 5, N. Wildwood, NJ 08260. At all times material, Ms. Mancini was employed by Defendants, Port Royal Hotel and Morey's Piers & Beachfront Water Parks.

2. Defendant, Port Royal Hotel ("Port Royal"), is an oceanfront hotel located at 6801 Ocean Avenue, Wildwood, NJ 08260. Port Royal Hotel is part of Morey's Piers & Beachfront Water Parks, a seaside amusement park.

3. Defendant, Morey's Piers & Beachfront Water Parks ("Morey's Piers"), a seaside amusement park, headquartered at 3501 Boardwalk, Wildwood, NJ 08260. Upon information and belief, Morey's Piers is a partner and part owner of Port Royal.

4. Defendant, Greg Grassi, ("Grassi"), is an adult individual who at all times material was employed by Port Royal as a Manager. He is being sued in her individual and official capacity.

5. Defendant, John Way, ("Way"), is an adult individual who at all times material was an owner of Port Royal. He is being sued in his individual and official capacity.

6.  Defendant, Denise Beckson, ("Beckson"), is an adult individual who at all times material was employed by Morey's Piers as Vice President of Human Resources and Government Relations. She is being sued in her individual and official capacity.

## JURISDICTION AND VENUE

7.  Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law; and § 1332, diversity.

8.  Venue is proper as the facts and transactions involved herein occurred in large part in this judicial district.

9.  Plaintiff has exhausted her administrative remedies and obtained a Right to Sue Letter from the EEOC (Exhibit A).

## STATEMENT OF FACTS

10. The above paragraphs are incorporated herein by reference.

11. Defendants created a discriminatory and hostile work environment for Plaintiff due to her pregnancy and/or her lyme disease. Plaintiff was employed by Defendants since in or around March 2020 as a as a front desk supervisor

12. Plaintiff began working remotely in or around the beginning of March 2020 due to Covid-19. In or around the end of May 2020, when Plaintiff was 5 months pregnant, she returned to work in person. Plaintiff was advised that would soon be promoted to Office manager and would be receiving a higher rate of pay. This promotion was supposed to take effect on July 3, 2021.

13. On or about July 4, 2020, Plaintiff vomited at work and was told she could not return until she was released to return to work by her doctor.

14. Due to scheduling issued, Plaintiff could not get in to see her doctor until July 13, 2020. Plaintiff was given a doctor's note saying that she needed to either work remotely or take a leave of absence because Covid-19 was a higher risk to her health due to her pregnancy and Lyme Disease.

15. Plaintiff immediately notified her manager, Greg Grassi of her doctor's orders. She later received a phone call from Mr. Grassi and one of the hotel owners and was advised they had no remote positions and that she should resign. This was despite the fact that Plaintiff had already worked remotely for two months at the beginning of the Covid-19 pandemic. Plaintiff refused to resign.

16. The next day, on or about July 14, 2020, Plaintiff was notified by Defendant Beckson that she was being terminated due to her inability to do guest check ins and check outs and they needed to fill her position.

17. While Plaintiff's ability to perform guest check in and check outs was limited, there were two front desk employees, along with another office employee.

18. Additionally, Plaintiff's was supposed to have already been promoted to manager by this time. Something she could do remotely with accommodation.

19. As of August 18, 2020, Plaintiff's position still had not been filled.

20. The termination Plaintiff was an act of pregnancy discrimination, with no valid business purpose or justification. The discrimination Plaintiff suffered includes but is not limited to intentional disparate treatment, and, in addition and/or in the alternative, disparate impact.

## **STATEMENT OF CLAIMS**

### **COUNT I**
### **REFUSAL TO REASONABLY ACCOMMODATE - ADA**

21. The foregoing paragraphs are incorporated herein by reference.

22. Plaintiff was an individual with a perceived disability or disability as the term is defined in Section 3(2) of the ADA, 42 U.S.C. Section 12102(2). Plaintiff's pregnancy related condition and lyme disease, substantially limited one or more of her major life activities. Plaintiff has a record of such impairment and was regarded by Defendants as having impairment.

23. Defendant's failure to make reasonable accommodations to Plaintiff's disability or perceived disability constitutes discrimination against Plaintiff with respect to the terms, conditions or privileges of her employment.

24. As a direct and immediate result of Defendants' Discrimination on the basis of disability, Plaintiff has suffered lost wages, lost benefits and lost employment opportunities and is entitled to damages.

<u>**COUNT II**</u>
<u>**ADA RETALIATION**</u>

25. The foregoing paragraphs are incorporated herein by reference.

26. In addition to and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

27. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment.

28. Further, Defendants' failed to accommodate Plaintiff's disability or perceived disability and failed to engaged in a constructive, interactive process concerning same.

<u>**COUNT III -VIOLATION OF TITLE VII – GENDER DISCRIMINATION**</u>

29. The foregoing paragraphs are hereby incorporated herein by reference.

30. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

31. Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

32. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

### COUNT IV
### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION (LAD)

34. The above paragraphs are incorporated herein by reference.

35. The above acts and practices of Defendants constitute unlawful discriminatory employment practices under the LAD.

36. As a result of Defendants' discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

Plaintiff additionally prays to be compensated with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had he not been subjected to

the aforesaid, including but not limited to, an award of front, back and lost pay, compensatory

damages for future pecuniary loss, and for such other and further relief as this Honorable Court

deems just and proper

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues so triable herein.


Respectfully Submitted,

**WEISBERG LAW**                              **SCHAFKOPF LAW, LLC**

BY: */s/ David Berlin*                              BY: */s/ Gary Schafkopf*
DAVID BERLIN, ESQ                              GARY SCHAFKOPF, ESQ.
MATTHEW WEISBERG, ESQ


DATED:5-14-2021                              DATED: 5-14-2021